UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LEO THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3219 |
| | ) | |
| RANDOLPH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Hill Correctional Center, seeks leave to proceed in forma pauperis on claims arising from an alleged attack on Plaintiff by another inmate during Plaintiff's incarceration in Logan Correctional Center.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" <u>Alexander v. U.S.</u>, 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that, in August 2011, he was attacked in his cell by an inmate while another inmate stood as the look-out.  The inmates were members in a gang in which Plaintiff had renounced membership.  Defendants allegedly knew that Plaintiff had been assaulted by members of this gang two months prior to the August attack.  According to Plaintiff, the August attack lasted 30-40 minutes, during which time Plaintiff's ear was nearly bitten off.  Defendants investigated the matter but ultimately fabricated a disciplinary report against Plaintiff for fighting, in addition to issuing a disciplinary report against Plaintiff's attacker for fighting.  Plaintiff was found guilty and lost three months of good time.

Plaintiff states an Eighth Amendment claim that Defendants were deliberately indifferent to a substantial risk of serious harm to Plaintiff from attacks by other inmates.  To succeed Plaintiff must show Defendants were subjectively aware of and disregarded a specific and substantial risk to Plaintiff, not just aware of generalized risk of violence.  <u>Shields v. Dart</u>, 664 F.3d 178, 181 (7th

Cir. 2011).  The determination cannot be made without a fully developed factual record.

Plaintiff also pursues procedural due process claims that he was not allowed to call witnesses or present exonerating evidence at the disciplinary hearing to show that Plaintiff was only defending himself from the attack.  At this time, the procedural due process claim will proceed as well.

Plaintiff is advised that his claims may ultimately be barred because Plaintiff lost good time as a result of the incident.  In Edwards v. Balisok, 520 U.S. 641, 648 (1997), the Supreme Court held that claims which  "necessarily imply the invalidity of the deprivation of  . . . [an inmate's] good-time credits" are not cognizable under 42 U.S.C. § 1983 until the prison disciplinary decision has otherwise been invalidated, for example by expungement, a state court order, or a writ of habeas corpus. *See* Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In other words, in this civil rights case Plaintiff may not "challenge a finding in his . . . prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed."  Moore v. Mahone, 652 F.3d 722, 723

(7th Cir. 2011).  Whether Plaintiff's claims are barred is a decision that must await a more developed record.  *See* <u>Moore</u>, 652 F.3d at 725.

**IT IS THEREFORE ORDERED:**

1)    The merit review scheduled for August 26, 2013 is cancelled.  The clerk is directed to notify Plaintiff's prison of the cancellation.

2)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment failure-to-protect claim and a procedural due process claim. This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**3)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)      Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6)      Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8)     This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 21, 2013 at 10:00 a.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on each Defendant pursuant to this District's internal procedures.**

ENTERED:     August 21, 2013

FOR THE COURT:

<u>**s/Sue E. Myerscough**</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE